UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES ANTHONY ANDERSON,
               Plaintiff,               Case No. 08-cv-14790

vs.

                              DISTRICT JUDGE PATRICK J. DUGGAN
                              MAGISTRATE JUDGE STEVEN D. PEPE

COMMISSIONER OF
SOCIAL SECURITY,
               Defendant.

=============================/

## ORDER DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL (DKT. #3)

On November 14, 2008, Plaintiff filed a an application for appointment of counsel (Dkt. #3). All pre-trial matters were referred under 28 U.S.C. § 636(b) on November 14, 2008 (Dkt. #4). Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent herself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). Based on several considerations, Plaintiff's application is **DENIED**.

Plaintiff's complaint seeks judicial review of the decision of the Commissioner of Social

Security (Dkt. #1). The factual issues raised by Plaintiff are clear and straightforward. Plaintiff has demonstrated in his complaint and subsequent filings that he understands the legal issues and can present these issues to a Court in a satisfactory manner. Also, it must be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court. This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment.

Given the existence of numerous qualified attorneys who handle cases such as Plaintiff's, he is encouraged to seek counsel that could provide representation on a contingency basis. If he is unable to obtain counsel Plaintiff should file a motion for summary judgment according to the scheduling order and state specifically what mistakes he believes the Administrative Law Judge ("ALJ") made in denying benefits. The undersigned will review the entire record carefully to determine whether the ALJ has substantial evidence to support the decision denying benefits and to determine if there were any legal errors.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Dated: November 20, 2008  　　　　　　　s/Steven D. Pepe  
Ann Arbor, MI  　　　　　　　　　　　　United States Magistrate Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 20, 2008.

                                                s/V. Sims
                                                Case Manager