UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES ANTHONY ANDERSON,

        Plaintiff,                      CIVIL ACTION NO. 08-14790

  v.                                       DISTRICT JUDGE PATRICK J. DUGGAN

COMMISSIONER OF              MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**I.    PROCEDURAL HISTORY**

    *A.    Proceedings in this Court*

On November 14, 2008, Plaintiff Charles Anthony Anderson (Plaintiff) filed the instant suit seeking judicial review of the Commissioner's decision disallowing benefits (Dkt. No. 1). Plaintiff is proceeding *pro se* in this matter. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of disability benefits (Dkt. 4). This matter is currently before the Court on cross-motions for summary judgment (Dkt. Nos. 20, 23). Plaintiff previously filed a motion to present new medical evidence (Dkt. 14), which Magistrate Judge Pepe denied on March 24, 2009 (Dkt. 19). Specifically, Magistrate Judge Pepe found that Plaintiff's motion to present new evidence "failed to make an argument...indicating why this new evidence is material" (Dkt. 19, p. 2). As such, Magistrate Judge Pepe ruled that

Plaintiff's motion did not satisfy the requirements for a "sentence six" remand.[1] In his order denying Plaintiff's motion, Magistrate Judge Pepe urged Plaintiff to present any argument as to why this new evidence warranted a remand in Plaintiff's motion for summary judgment and also urged Plaintiff to seek counsel willing to represent him on a contingency fee basis. *Id.*

### B.     *Administrative Proceedings*

Plaintiff filed the instant claims on February 6, 2006, alleging that he became unable to work on January 15, 2006 (Tr. at 42). The claim was initially disapproved by the Commissioner on April 7, 2006 (Tr. at 22). Plaintiff requested a hearing and, on March 13, 2008, Plaintiff appeared without counsel[2] before Administrative Law Judge (ALJ) Lubomyr Jachnycky, who considered the case *de novo*. In a decision dated March 25, 2009, the ALJ found that Plaintiff was not disabled (Tr. at 10, 20). Plaintiff requested a review of this decision on May 29, 2008 (Tr. at 8). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[3] (AC-1, Tr. at 7), the Appeals Council, on September 22, 2008,

---

[1] A "sentence-six" remand is a reference to the sixth sentence of 42 U.S.C. 405(g), which states that the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ..."

[2] At the outset of the hearing, the ALJ suggested that Plaintiff consider hiring an attorney to assist him with the presentation of his case (Tr. at 120-122). The ALJ noted that many attorneys take Social Security cases on a contingency fee basis and the ALJ offered to postpone the hearing so that Plaintiff could look for such an attorney. *Id*. Plaintiff declined the ALJ's offer, and indicated that he wished to proceed with the hearing *pro se*. *Id*.

[3] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the Court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

denied Plaintiff's request for review (Tr. at 4); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.   STATEMENT OF FACTS

### A.   *ALJ Findings*

Plaintiff was 30 years old at the time of the hearing before the ALJ. (Tr. at 18). In the past, Plaintiff worked as a fast food worker, landscape laborer, warehouse worker/loader/stocker, machine operator, maintenance person, parts packer and sales associate (Tr. at 18). In denying Plaintiff's claims, the Commissioner considered neck and back pain, right shoulder/elbow pain, reduced hearing in the right ear and a heart murmur with occasional episodic chest pain, as possible bases of disability (Tr. at 17).

The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since January 15, 2006 (Tr. at 15). The ALJ noted that Plaintiff testified during the hearing that he worked at McDonald's until September 2006 and worked for three weeks in December 2006 learning how to install boilers. However, the ALJ also noted that Plaintiff's employment records did not show any posted earnings during 2006 (Tr. at 15). As such, the ALJ found that this work in 2006 constituted "unsuccessful work attempts." *Id*. There are also indications in the medical records that Plaintiff

may have simply mixed dates up when he testified that he worked in 2006, and that he intended to say that he stopped working for McDonald's in September 2005 and received boiler training in December 2005 (Tr. at 95-96. 127-30, 152).  In any event, the ALJ allowed Plaintiff to proceed past step one.

At step two, the ALJ found that Plaintiff's neck and back pain, right shoulder/elbow pain, history of heart murmur with episodic atypical chest pain and diminished hearing (right ear) were "severe impairments" within the meaning of the second sequential step.  *Id*.  At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations.  *Id.*

The ALJ next found that Plaintiff had the residual functional capacity (RFC) to "perform sedentary work... except [Plaintiff] would need a sit/stand option after 30 minutes; he can only squat and kneel on an occasional basis with only minimal bending; he is unable to crawl or climb steps; he cannot reach above shoulder level; he cannot work in the vicinity of heights, moving machinery, or areas with loud background noises; and the work must consist of simple routine unskilled tasks" (Tr. at 16).  In arriving at this RFC, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects" of his ailments were not fully credible (Tr. at 17).  In particular, the ALJ ruled that Plaintiff's allegations concerning his impairments were inconsistent with the objective medical findings in the record, which noted that "[a]n MRI and x-rays of [Plaintiff's] cervical spine only revealed mild to moderate degenerative changes. [Plaintiff] stated that his right shoulder and elbow pain is not constant but intermittent, about every couple of months.  There is no objective evidence to support [Plaintiff's] subjective allegations of diminished hearing in the right ear and heart murmur with chest pain."  *Id*.  The

ALJ further noted that Plaintiff testified "that he reads magazines and newspapers about two hours a day. He lives with his aunt, who is about 40 years old. He does not do any household chores except to take out the garbage. He watches television about 10-12 hours daily and he also plays video games. These activities are consistent with an ability to perform sedentary work and not total disability" (Tr. at 17-18).

At step four, the ALJ found that Plaintiff could not perform his previous work as Plaintiff's prior jobs were performed at the light to medium exertional level – beyond Plaintiff's RFC for no more than sedentary work (Tr at 18). At step five, the ALJ denied benefits, as the ALJ found that Plaintiff could perform a significant number of jobs available in the national economy (Tr. at 18-19). Specifically, based upon the testimony of a vocational expert, the ALJ found that Plaintiff could perform the requirements of occupations such as office clerk (1,000 jobs available), surveillance systems monitor (1,100 jobs available) and packager (1,000 jobs available) (Tr. at 19). Thus, the ALJ concluded that "considering [Plaintiff's] age, education, work experience, and [RFC, Plaintiff] has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of 'not disabled' is therefore appropriate..." *Id*.

    B.    *Administrative Record*

        1.    **Plaintiff's Testimony and Statements**

Plaintiff testified during the hearing that he was unable to work due to pain in his neck, back, right shoulder/elbow, chest pain and decreased hearing in his right ear (Tr. at 141-43). Plaintiff described his daily activities as very limited: he lived with his aunt and performed no household chores other than taking out the garbage (Tr. at 77-80, 132-33); he spent most of his

time reading, watching television and playing video games (Tr. at 80, 127, 132, 134-36). Plaintiff estimated that he could stand for 30 minutes, walk about 7 blocks and lift 20 to 25 pounds (Tr. at 144-45). He testified that walking up and down stairs made his feet and legs hurt "like I'm doing a workout or something" and that he was able to reach above shoulder level, but that doing so pained his right shoulder (Tr. at 146-47). Plaintiff stated that he was injured in April 2005 when he fell down some stairs while working at McDonald's (Tr. at 103, 131). He continued working at McDonald's until September 2005, when he was fired for tardiness (Tr. at 103, 130).

### 2. Medical Evidence

The medical evidence shows that, in December 2005, Plaintiff sought emergency room treatment at St. John Detroit Riverview Hospital for right-sided neck pain and stiffness (Tr. at 94-102). X-rays revealed "mild to moderate degenerative changes at the level of C5-C6 with narrowing or disc space and encroachments on neural foramina" (Tr. at 101). Plaintiff was diagnosed with cervical strain, spondylosis[4] and degenerative joint disease, for which he was prescribed pain medication (Ibuprofen 600 mg) and a muscle relaxer (Flexeril 10 mg) (Tr. at 102).

In June 2007, an MRI exam was performed on Plaintiff at the request of Dr. Jamie Hall (Tr. at 111). The MRI revealed "loss of the normal cervical lordosis with mild reversal. No acute fracture is seen. No evidence of ligamentous injury is present." *Id*. Only the first page of

---

[4] "Spondylosis is an ankylosis (stiffening or fixation) of the vertebra, often used to refer to any degenerative spinal lesion." *Wical v. Int'l Paper Long-Term Disability Plan*, 191 Fed.Appx. 360, 364 n. 4 (6th Cir. 2006). See also *Anderson v. Astrue*, 2009 WL 32935, *7 n. 3 (E.D. Tenn. Jan. 6, 2009) ("Spondylosis is 'a general term for degenerative changes due to osteoarthritis.' ") (citing Dorland's Illustrated Medical Dictionary 1684 (29th ed. 2000)).

this multiple page MRI report appears to have been submitted to the ALJ. Indeed, the bottom of this one-page report cuts off mid-sentence. *Id.* The emergency room records and single-page MRI report appear to be the only "treating" physician records submitted to the ALJ.

R. Matta, M.D., examined Plaintiff for the state agency on March 4, 2006 (Tr. at 103-110). Dr. Matta's impression was that Plaintiff suffered from "[i]ntermittent episodes of right elbow pain with 4-5 episodes in the past year, each episode lasting for about one day. Etiology is unclear. Examination today does not reveal any swelling, tenderness, redness or warmth of the right elbow. Range of motion of the right elbow is within normal limits. Intermittent neck pain, which is also episodic. He has one episode a month lasting for 5-7 days, possibly secondary to cervical spondyloarthritis. Intermittent right shoulder pain, possibly secondary to tendinitis of the right shoulder. Upper back pain unrelated to standing or walking. Etiology is unclear. Episodic decrease in hearing in the right ear. No associated tinnitus or vertigo. Etiology is unclear. Long standing heart murmur with atypical chest pain. Episodes of chest pain are rare and last for a few minutes once per year" (Tr. at 105). Dr. Matta observed during a physical examination that the range of motion of Plaintiff's right shoulder was within normal limits, that Plaintiff's gait was normal and that Plaintiff's range of motion was normal at the lumbar spine (Tr. at 104).

Plaintiff submitted additional medical evidence after the ALJ rendered his decision. Specifically, Plaintiff submitted a report from Victor Gordon, D.O., to the Appeals Council (Tr. at 112-17). Dr. Gordon examined Plaintiff on March 17, 2008 (8 days before the ALJ issued his decision); Dr. Gordon's report is addressed to Steven Lee Hirsch, Esq. Dr. Gordon diagnosed Plaintiff with chronic cervical myofascial strain; chronic myofascial pain syndrome; cervical disc

protrusion at C4-5 and C5-6; degenerating cervical disc disease at C4-6; C4-5 membrane instability affecting the posterior rami" (Tr. at 117). Dr. Gordon recommended that Plaintiff "avoid activities requiring him to lift more than 10-15 pounds. Lifting and carrying should be done from waist level only. He should restrict it to 4-6 times per hour. He should avoid vigorous pulling, pushing, reaching, and carrying out activities at or above shoulder level." *Id*.

On February 23, 2009, Plaintiff filed in this Court a "motion to present new medical evidence," to which Plaintiff attached a one-page MRI report from November 2008 (Dkt. 14, page 2). As noted previously, Magistrate Judge Pepe denied Plaintiff's motion, since Plaintiff failed to establish how this new evidence was "material" (Dkt. 19).

Finally, Plaintiff attached to his motion for summary judgment a two-page MRI report dated March 2, 2009, and a two page "patient information leaflet" for the antidepressant Amitriptyline (Dkt. 20, pages 6-9).

### 3.     Vocational Expert

During the hearing, the ALJ asked Vocational Expert (VE) Annette Holder whether jobs existed that Plaintiff could perform if he were capable of simple routine unskilled sedentary work that allowed him to alternate between sitting and standing every 30 minutes, required no more than occasional squatting and kneeling and minimal bending, required no crawling, climbing steps, or reaching above shoulder level, were not performed at heights, around moving machinery, or in areas of low background noises (Tr. at 159-61). Ms. Holder testified that such an individual could perform a significant number of jobs in the regional economy, including work as a general office clerk (approximately 1,000 jobs in Southeastern Michigan), surveillance

system monitor (approximately 1,100 jobs in Southeastern Michigan), or packager (approximately 1,000 jobs in Southeastern Michigan) (Tr. at 161).

### C.     Parties' Arguments

#### 1.     Plaintiff's Claims of Error

In his motion for summary judgment, Plaintiff argues primarily that the Court should consider "more current medical evidence" that was not submitted to the ALJ.  In particular, Plaintiff urges the court to review certain MRI reports from November 2008 and March 2009.  Plaintiff also argues that the ALJ did not "mention... the pelvic pains [Plaintiff] described in the function report," and that the ALJ "did not mention the complications in [Plaintiff's] leg muscles."

#### 2.     Commissioner's Counter-Motion for Summary Judgment

In response, the Commissioner argues that no doctor of record described Plaintiff as unable to work, nor imposed functional restrictions greater than those attributed to Plaintiff by the ALJ's RFC (*i.e.*, sedentary work only).  The Commissioner notes that the ALJ was actually quite generous in ascribing an RFC that relegated Plaintiff to sedentary work only, since a number of Plaintiff's alleged limitations were entirely unsupported by the medical evidence.  For instance, the Commissioner notes that the ALJ found Plaintiff unable to work in a loud environment – since Plaintiff alleged diminished hearing in his right ear – although the record lacked any medical evidence of a hearing problem.

As to the new evidence presented by Plaintiff, the Commissioner argues that it would be improper for the Court to consider this newly proffered evidence, as Plaintiff has not established that this new evidence is "material."  Finally, the Commissioner argues that – even if the Court

were to consider this new evidence – there is no reasonable probability that the ALJ would have reached a different decision had this evidence been before him. In sum, the Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## III. DISCUSSION

### A. *Standard of Review*

In enacting the Social Security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, a claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of

course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may...consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.").

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

### B. Burden of Proof

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). Benefits "are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits...physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

### C.     *Analysis and Conclusions*

Plaintiff's motion for summary judgment relies primarily on the submission of new evidence. Under sentence six of 42 U.S.C. § 405(g), Plaintiff has the burden to demonstrate that this evidence is "new" and "material" and that there is "good cause" for failing to present this evidence in the prior proceeding. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006) ; *see also Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. "Good cause" is not established solely because the new evidence was not generated until after the ALJ's decision – the Sixth Circuit has taken a "harder line" on the good cause test. *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 F. App'x 593, 598-99 (6th Cir. 2001).

A plaintiff attempting to introduce new evidence must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *see also Brace v. Comm'r*, 97 F. App'x 589, 592 (6th Cir. 2004)(claimant's decision to wait and schedule tests just before the hearing before the ALJ did not establish good cause); *Cranfield v. Commissioner*, 79 F. App'x 852, 859 (6th Cir. 2003). Here, Plaintiff has not addressed or carried his burden of demonstrating good cause; he has not addressed why he did not obtain the evidence proffered in Dr. Gordon's report prior to the hearing before the ALJ. The Court may not, therefore, remand for consideration of this evidence, nor may the Court consider this evidence for purposes of a substantial evidence review since – as noted in Footnote 3, above – the report of Dr. Gordon is not part of the administrative record.

Additionally, in order to establish materiality, Plaintiff must show that the introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Sec. of HHS.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also Hensley v. Comm'r of Soc. Sec.*, 214 F. App'x 547, 550 (6th Cir. 2007). In this matter, the new evidence proffered by Plaintiff does not actually rebut any of the ALJ's findings. Indeed, the report of Dr. Gordon appears to suggest that Plaintiff might be capable of performing "light" work (20 C.F.R. 404.1567), with some additional restrictions, although the ALJ found that Plaintiff was restricted to more limited "sedentary" work. Certainly, nothing in Dr. Gordon's report imposes **greater** restrictions on Plaintiff than those found by the ALJ. Thus, it does not appear that Dr. Gordon's report would have caused the ALJ to rule differently.

Furthermore, the Commissioner's argument that the ALJ's RFC finding was actually quite generous to Plaintiff – given the sparse medical records submitted to the ALJ – is well taken. The only medical records submitted to the ALJ were emergency room records from December 2005 (Tr. at 94-102), the consultant examination done for the state agency from March 2006 (Tr. at 103-110) and the one-page MRI report from June 2007 (Tr. at 111). The ALJ determined that Plaintiff possessed the RFC to return to a limited range of sedentary work. (Tr. at 16).

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
>
> 20 C.F.R. 404.1567(a)

None of the medical records submitted to the ALJ suggest that Plaintiff was incapable of performing such sedentary work. Plaintiff's argument that the ALJ erred by not addressing Plaintiff's complaints of "pelvic pain" or "complications [of his] leg muscles" is not well taken.

It is well established that "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997)(citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). Where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman v. Comm'r of Soc. Sec.*, 105 Fed.Appx. 794, 801 (6th Cir. 2004). Here, Plaintiff's complaints of pelvic pain and leg complications were not confirmed by objective medical evidence; thus, it was within the ALJ's discretion to reject Plaintiff's subjective complaints.

Finally, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed.Appx. at 801; *see also, Heston v. Comm'r*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). The ALJ found Plaintiff's subjective allegations not to be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of HHS*, 820 F.2d 777, 780 (6th Cir. 1987). The ALJ correctly concluded that Plaintiff's subjective allegations of pain and limitation are contradicted by the objective medical evidence and by Plaintiff's reported activities. In sum, after review of the record, it appears that the ALJ's decision, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way

without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

### III. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED** that Defendant's motion for summary judgment be **GRANTED** and that the ruling of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

        s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: September 9, 2009

Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 9, 2009, by electronic and/or ordinary mail.

s/Melody R. Miles
Case Manager to Magistrate Judge Mark A. Randon