UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES ANTHONY ANDERSON,

    Plaintiff,

v.                                              Case No. 08-14790
                                                     Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 30, 2009.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

Plaintiff applied for Social Security Disability Insurance Benefits on February 6, 2006, alleging that he became disabled on January 15, 2006. The Social Security Administration denied Plaintiff's request for benefits initially. Upon Plaintiff's request, a hearing before an administrative law judge ("ALJ") was held on March 13, 2008. The ALJ found that Plaintiff was not disabled in a decision dated March 25, 2008. The Appeals Council, after reviewing additional documents submitted by Plaintiff, denied Plaintiff's request for review on September 22, 2008. Thus the ALJ's decision became

the final decision of the Social Security Commissioner ("Commissioner").  Plaintiff thereafter initiated the pending action.

Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge Mark A. Randon.[1]  On September 9, 2009, Magistrate Judge Randon filed his Report and Recommendation (R&R) recommending that this Court deny Plaintiff's motion and grant the Commissioner's motion.  At the conclusion of the R&R, Magistrate Judge Randon advises the parties that they may object and seek review of the R&R within ten days of service upon them.  (R&R at 17.)  Magistrate Judge Randon specifically warns the parties that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal."  (*Id.*, citations omitted.)

After seeking an extension of time, Plaintiff filed objections to the R&R on October 2, 2009.  The Commissioner sought and was granted an extension of time to respond to Plaintiff's objections, which it did on November 2, 2009.  Plaintiff filed a reply on November 19, 2009.  The matter now is ripe for this Court's review.

## **Standard of Review**

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of

---

[1]Originally, this matter was referred to Magistrate Judge Steven Pepe.  On July 22, 2009, it was reassigned to Magistrate Judge Randon, upon Magistrate Judge Pepe's retirement.

> the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

## **Analysis**

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not

3

proceed further. *Id*. However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*. "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).[2]

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[3]

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[4] *Id*.

---

[2]The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since January 15, 2006. (A.R. at 15.)

[3]The ALJ concluded that Plaintiff had the following severe impairments: neck and back pain; right shoulder and right elbow pain; history of heart murmur with episodic atypical chest pain; and diminished hearing in the right ear. (A.R. at 16.)

[4]The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not. (A.R. at 16.)

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[5]  20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work.  20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[6]  *Id.*

Magistrate Judge Randon found substantial evidence in the record to support the ALJ's determination at each step.  As indicated previously, Plaintiff filed objections to the R&R.

In his objections, Plaintiff does not dispute Magistrate Judge Randon's evaluation of the ALJ's decision.  Instead, Plaintiff disputes Magistrate Judge Randon's rejection of the additional evidence that Plaintiff seeks to submit to support his disability claim.  This evidence, which was not submitted in the administrative proceeding, consists of a Residual Functional Capacity Questionnaire completed by Dr. Jamie Hall on February 2,

---

[5]The ALJ found that Plaintiff would have the residual functional capacity to:

> perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except claimant would need a sit/stand option after 30 minutes; he could only squat and kneel on an occasional basis with only minimal bending; he is unable to crawl or climb steps; he cannot reach above shoulder level; he cannot work in the vicinity of heights, moving machinery, or areas with loud background noises; and the work must consist of simple routine unskilled tasks.

(A.R. at 16.)  The ALJ further concluded that, based on these limitations, Plaintiff could not perform his past work which ranged from light to medium in exertional level.  (A.R. at 18.)

[6]The ALJ determined that considering Plaintiff's age, educational background, work experience, and residual functional capacity, there are a significant number of jobs in the national economy that Plaintiff can perform.  (A.R. at 18-19.)  The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act.  (*Id.*)

2009 and MRI reports from November 2008 and March 2009.[7] Plaintiff previously filed a motion seeking to present the November 2008 MRI report as new evidence. Magistrate Judge Steven Pepe denied Plaintiff's motion on March 24, 2009, although he urged Plaintiff to present any argument in his motion for summary judgment as to why this new evidence warranted a remand pursuant to 42 U.S.C. § 405(g) (a "sentence six" remand). In his R&R, Magistrate Judge Randon also concluded that Plaintiff failed to demonstrate that a sentence six remand was warranted for the Commissioner to consider Plaintiff's additional evidence.

This Court may only consider evidence presented to the administrative law judge when evaluating the Commissioner's decision. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Where a claimant seeks to present additional evidence, the Court may, pursuant to 42 U.S.C. § 405(g), remand the matter to the Commissioner and order the Commissioner to consider the additional evidence. However, the statute provides that such a remand only is appropriate "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." *Id.* Plaintiff has not established these prerequisites for a remand.

Even if Plaintiff can establish good cause for failing to present this evidence in the

---

[7]Plaintiff did not mention the Residual Functional Capacity Questionnaire in his motion for summary judgment and it does not appear that he presented this evidence to the court prior to filing his objections.

administrative hearing, the Court does not believe that Plaintiff has established that the evidence is material. To satisfy this burden, Plaintiff "must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Dr. Hall opines that Plaintiff is disabled; however, he indicates that Plaintiff "has had the limitations and restrictions outlined in the Residual Functional Capacity Questionnaire *since 4/08*." (Doc. 28 at 14 (emphasis added).) The ALJ's decision was issued on March 25, 2008. Therefore, at most, this evidence establishes that Plaintiff became disabled *after* the decision was rendered. This might warrant a new claim but not a different disposition of Plaintiff's previous claim alleging a disability onset date of January 15, 2006. *See id*. at 712 ("If in fact the claimant's condition had seriously degenerated, the appropriate remedy would have been to initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment.") Similarly, even if the more recent MRI reports show changes in Plaintiff's medical condition from the MRI report considered by the ALJ, this does not warrant a remand.

## Summary

For the above reasons, the Court concludes that this matter should not be remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g). For the reasons set forth by Magistrate Judge Randon, this Court finds substantial evidence in the record to support the Commissioner's decision denying Plaintiff Disability Insurance Benefits.

Accordingly,

**IT IS ORDERED**, that the Court adopts Magistrate Judge Randon's Report and Recommendation and Plaintiff's motion for summary judgment is **DENIED** and Defendant's motion for summary judgment is **GRANTED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Charles Anthony Anderson
2559 Garland
Detroit, MI 48214

AUSA Theresa Urbanic
Magistrate Judge Mark A. Randon